UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   Case No.  8:05-cr-418-T-23MSS
      8:07-cv-907-T-23MSS

ROBERT CARL ALLBRITTON, JR.
_____/

# **O R D E R**

Allbritton's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his conviction for both possession with the intent to distribute fifty grams or more of methamphetamine and possession with the intent to distribute methamphetamine without a designated quantity, for which offenses he was sentenced to 188 months. The United States admits that the motion is timely. Response at 2 (Doc. 7). The United States also admits that the court should grant the motion to vacate sentence on Allbritton's claim of ineffective assistance of counsel and, as a consequence, allow Allbritton to pursue a delayed appeal.

## **FACTS**[1]

> On September 3, 2004, (Count One) the defendant . . . knowingly and willfully sold 111.6 grams of methamphetamine to an undercover officer for $2000. On September 9, 2004, (Count Two) Allbritton knowingly and willfully sold 203.1 grams of methamphetamine to an undercover officer for $3000. On October 12, 2004, (Count Three) Allbritton knowingly and willfully sold 2.3 grams of methamphetamine to an undercover officer for $60.

---

[1] This summary of the facts is copied from pages 10-11 of Allbritton's plea agreement (Doc. 20).

## INEFFECTIVE ASSISTANCE OF COUNSEL

Allbritton alleges that trial counsel was ineffective for failing to file an appeal. Proving ineffective assistance of counsel is difficult. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)). In order to demonstrate ineffective assistance of counsel, Allbritton must meet the test established by Strickland v. Washington, 466 U.S. 668 (1984). In Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998), the Eleventh Circuit discussed ineffective assistance of counsel:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to Strickland, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. 2052.

The Eleventh Circuit further stated that "[w]hen applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds." Sims v. Singletary, 155 F.3d at 1305. Strickland v. Washington, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."). Moreover, simply

proving that counsel made some error is insufficient to meet the burden established in Strickland:

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir.1992). Accord Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.' ") (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

Allbritton claims that his defense counsel rendered ineffective assistance by failing to file a notice of appeal, a claim that is governed by Strickland's two-prong test. Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000); Thompson v. United States, 481 F.3d 1297 (2007).

### A. Strickland's Deficient Performance

Flores-Ortega identified three situations involving counsel's alleged failure to protect the client's appellate rights: (1) counsel fails to file an appeal even though the defendant unquestionably expresses his desire to appeal,[2] (2) the defendant faults

---

[2] Roe v. Flores-Ortega, 528 U.S. at 477 ("[A] defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.").

counsel for not appealing even though the defendant stated that he did not want an appeal,[3] and (3) the defendant's desire to appeal is not clearly expressed.[4]

Allbritton's motion to vacate sentence presents the first identified situation, that counsel failed to file an appeal even though the defendant unquestionably expressed his desire to appeal. Allbritton alleges that he requested counsel to file a notice of appeal and counsel assured Allbritton that he would later visit Allbritton in the jail, but Allbritton was transferred to a federal prison before counsel could meet with him. The United States represents that Allbritton's defense counsel agrees with those facts,[5] and that an evidentiary hearing is not necessary because defense counsel agrees with Allbritton's facts.

> The record presently before this Court is sufficient to establish the content of the communications between Allbritton and [defense counsel]. Based on [defense counsel]'s recollection of Allbritton's instructions regarding his desire "to appeal his sentence" and [defense counsel]s failure to file the notice of appeal, it is clear that [defense counsel] failed to comply with his constitutional duties under Flores-Ortega. The United States requests that this Court grant Allbritton the opportunity to file an out-of-time direct appeal without the necessity of an evidentiary hearing.

Response at 6 (Doc. 7). Consequently, based on both Allbritton's allegation and defense counsel admission that counsel failed to honor Allbritton's request to file an appeal, defense counsel's failure to file a notice of appeal was deficient performance.

---

[3] Roe v. Flores-Ortega, 528 U.S. at 477. ("At the other end of the spectrum, a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently.").

[4] Roe v. Flores-Ortega, 528 U.S. at 477 ("Is counsel deficient for not filing a notice of appeal when the defendant has not clearly conveyed his wishes one way or the other?" ).

[5] See response at 4 (Doc. 7) and defense counsel's affidavit attached to the response.

- 4 -

Allbritton is entitled to a belated appeal if he can show prejudice as required by Strickland.

### B. Strickland's Prejudice

The second prong of the Strickland test is a showing of prejudice: "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. at 694.  Consequently, a petitioner shows a denial of the effective assistance of counsel if he proves that counsel's deficient performance caused him to lose his right to an appeal.  "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." Roe v. Flores-Ortega, 528 U.S. at 484.  Defense counsel's admission that Allbritton unquestionably expressed his desire to appeal shows that Albritton was deprived "of an appeal that he otherwise would have taken."

### **"OUT-OF-TIME" APPEAL**

Under governing precedent, Albritton is entitled to an out-of-time appeal. The prescribed procedure is to vacate the sentence originally imposed and enter a new judgment imposing the same sentence, from which Allbritton may appeal.

> When the district courts of this circuit conclude that an out-of-time appeal
> in a criminal case is warranted as the remedy in a § 2255 proceeding, they
> should effect that remedy in the following way:  (1) the criminal judgment
> from which the out-of-time appeal is to be permitted should be vacated; (2)
> the same sentence should then be reimposed; (3) upon reimposition of
> that sentence, the defendant should be advised of all the rights associated
> with an appeal from any criminal sentence; and (4) the defendant should

> also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days. . . .

United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000).  Neither a sentencing hearing nor Allbritton's presence is required.  United States v. Parrish, 427 F.3d 1345, 1348 (11th Cir. 2002) ("[T]he district court did not err by re-sentencing Parrish without holding a hearing.  Under Phillips, the district court was required to re-sentence Parrish to the same sentence originally imposed, and was not required to hold a re-sentencing hearing.").

Accordingly, the motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **GRANTED**.  The judgment entered in the criminal case (Doc. 29 in 8:05-cr-418) is **VACATED**.  The matter is referred to the United States Magistrate Judge for the appointment of counsel.  After appointed counsel files a notice of appearance, the court shall enter a new judgment in the criminal case in accordance with United States v. Phillips, 225 F.3d 1198 (11th Cir. 2000), and United States v. Parrish, 427 F.3d 1345, 1348 (11th Cir. 2005).  Counsel shall timely file a notice of appeal from the new judgment in the criminal case.  The clerk shall enter a judgment for Allbritton in the civil case and close this action.

ORDERED in Tampa, Florida, on August 15, 2007.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE